UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEYMAN ROSHAN, | Case No. 24-cv-02789-JST |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; ORDER CONTINUING CASE MANAGEMENT CONFERENCE** |
| CHIKA SUNQUIST, et al., | |
| Defendants. | Re: ECF No. 15 |

Before the Court is Defendants Chika Sunquist, Douglas McCauley, and the California Department of Real Estate's ("DRE") motion to dismiss.  ECF No. 15.  The Court will grant the motion.

## I.    BACKGROUND

This case arises from Plaintiff Peyman Roshan's State Bar and reciprocal DRE disciplinary proceedings.  In December 2018, the Office of Chief Trial Counsel issued a notice of disciplinary charges against Roshan, charging him with 19 counts of misconduct based on his representation of a client with whom he developed a business relationship.  ECF 15-1 at 58.  On April 9, 2019, the Office of Chief Trial Counsel filed an amended notice of disciplinary charges, adding two additional counts relating to that same matter.  *Id.*  In July 2020, Roshan filed his first action in this Court against Melanie Lawrence, Chief Trial Counsel, and the Office of Trial Counsel, alleging the State Bar disciplinary system is unconstitutional.  *Id.* at 40.  The Court granted defendants' motion to dismiss on *Younger* abstention grounds, given that his State Bar disciplinary proceedings were ongoing.  *Id.* at 68.  The Ninth Circuit affirmed the Court's order.  *Id.* at 70–77.

After his State Bar proceedings concluded, Roshan filed a second action against Lawrence and the Office of Chief Trial Counsel, in which he again alleged the disciplinary proceedings

1    against him by the State Bar violated his due process rights.  *Id.* at 79.  The Court granted

2    defendants' motion to dismiss.  *Id.* at 127.  The Court first ruled that all of "Roshan's claims

3    against the Office of Chief Trial Counsel were barred by the Eleventh Amendment," as were his

4    claims for retroactive (but not prospective relief against the Chief Trial Counsel).  *Id.* at 101–102.

5    Next, the Court ruled that the *Rooker-Feldman* doctrine barred Roshan's claims to the extent they

6    challenged "*the application* of the state bars rules at issue, which he alleges are unconstitutional,

7    during *specific* attorney disciplinary proceedings, including his own."  *Id.* at 104.  Finally, the

8    Court found that Roshan failed to allege facts demonstrating he had standing to pursue his

9    remaining facial claims for prospective relief.  *Id.* at 105–108.  The Court granted Roshan leave to

10   amend to show he had Article III standing to assert a facial challenge to the State Bar rules at

11   issue. *Id.* at 109.  Roshan failed to do so and eventually the Court dismissed his claims with

12   prejudice.  *Id.* at 291.

13          On December 20, 2022, the DRE filed an accusation against Roshan, seeking to suspend or

14   revoke Roshan's real estate license based upon the California Supreme Court's 2021 order

15   suspending Roshan's license to practice law.  *Id.* at 230–31.  Roshan then filed his third action in

16   this Court against Douglas R. McCauley, the Commissioner of the DRE, while his reciprocal DRE

17   discipline proceedings were pending.  *Id.* at 191.  The Court dismissed the action on *Younger*

18   abstention grounds.  *Id.* at 239–240.

19          On December 18, 2023, an ALJ issued an order proposing the DRE revoke Roshan's DRE

20   license and pay the DRE $4,133.85 in costs.  ECF No. 1 ¶ 56.  On January 23, 2024, the DRE

21   issued a decision adopting the ALJ's proposal and denied Roshan's subsequent motion for

22   reconsideration.  *Id.* ¶¶ 56, 57.  Roshan now brings this action against Sunquist, McCauley, and

23   the DRE challenging the revocation of his real estate license.  ECF No. 1.  Specifically, Roshan

24   brings three causes of action for: (1) violation of civil rights under 42 U.S.C. § 1983 against

25   Sunquist and McCauley; (2) declaratory judgment against all Defendants; and (3) writ of

26   mandamus against DRE and Sunquist.  *Id.*

27   **II.      REQUEST FOR JUDICIAL NOTICE**

28          "Generally, district courts may not consider material outside the pleadings when assessing

United States District Court
Northern District of California

2

1    the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure."

2    *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).  Judicial notice provides

3    an exception to this rule.  *Id.*

4          Pursuant to Federal Rules of Evidence 201(b), "[t]he court may judicially notice a fact that

5    is not subject to reasonable dispute because it: (1) is generally known within the trial court's

6    territorial jurisdiction; or (2) can be accurately and readily determined from sources whose

7    accuracy cannot reasonably be questioned."  If a fact is not subject to reasonable dispute, the court

8    "must take judicial notice if a party requests it and the court is supplied with the necessary

9    information."  Fed. R. Evid. 201(c)(2).

10          Defendants request the Court take judicial notice of 17 documents: (1) the State Bar

11    Review Department's opinion regarding *In the Matter of Peyman Roshan*, 17-O-01202 filed

12    August 27, 2020; (2) the California Supreme order in *In the Matter of Peyman Roshan*, NOS26119

13    filed February 17, 2021; (3) the complaint in *Roshan v. Lawrence*, 20-cv-04770-AGT (*Lawrence*

14    *I*); (4) the order granting defendants' motion to dismiss in *Lawrence I*; (5) the Ninth Circuit's

15    decision in *Lawrence I*; (6) the complaint in *Roshan v. Lawrence*, 21-cv-01235-JST (*Lawrence II*);

16    (7) the order dismissing the first amended complaint in *Lawrence II*; (8) the order dismissing the

17    third amended complaint in *Lawrence II*; (9) the fourth amended complaint in *Lawrence II*; (10)

18    defendants' motion to dismiss the fourth amended complaint in *Lawrence II*; (11) the complaint in

19    *Roshan v. McCauley*, 23-cv-05819; (12) the order relating *McCauley I* with *Lawrence II*; (13) a

20    printout from the home page of California's Office of Administrative Hearings; (14) the order

21    denying plaintiff's motion for preliminary injunction and granting defendant's motion to dismiss

22    in *McCauley*, (15) the complaint in *Roshan v. Sunquist, et al.*, 24-cv-242789 ; (16) the order

23    relating *McCauley* and *Sunquist*; and (17) the order granting defendants' motion to dismiss the

24    fourth amended complaint in *Lawrence II*.  ECF No. 15-1.

25          The Court need not take judicial notice of Exhibit 15, the operative complaint in this case,

26    and Exhibit 16, the related case order, because these documents are already on the docket.  *See*

27    *Beal v. Royal Oak Bar*, No. C 13-04911 LB, 2014 WL 1678015, at *2 n.2 (N.D. Cal. Apr. 28,

28    2024) (denying request for judicial notice and noting that "[b]ecause these documents are already

filed in the docket for this action, it is unnecessary for the court to take judicial notice of them.").
The Court therefore denies the request to take judicial notice of Exhibits 15 and 16. The Court
grants Defendants' request for judicial notice of Exhibits 1 to 15 and 17 as public records but
limits the judicially noticed fact in each instance to the existence of the document or that a judicial
proceeding occurred, not the truth of the matters asserted in the documents. *Lee v. City of L.A.*,
250 F.3d 668, 689 (9th Cir. 2001); *see also Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1032
(N.D. Cal. 2018) (noting "courts have often admitted records from websites maintained by
government agencies").

## III.    LEGAL STANDARD

Subject matter jurisdiction is a threshold issue that goes to the power of the court to hear
the case, and it must exist at the time the action is commenced. *Morongo Band of Mission Indians
v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). A federal court is
presumed to lack subject matter jurisdiction until the plaintiff shows otherwise. *Stock W., Inc. v.
Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989); *United States v. Orr Water Ditch Co.*,
600 F.3d 1152, 1157 (9th Cir. 2010). Dismissal is appropriate under Rule 12(b)(1) where the
district court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

Under Rule 12(b)(1), a defendant may challenge the plaintiff's jurisdictional allegations in
one of two ways. A "facial" attack accepts the truth of the plaintiff's allegations but asserts that
they "are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*,
373 F.3d 1035, 1039 (9th Cir. 2004). The district court resolves a facial attack as it would a
motion to dismiss under Rule 12(b)(6), namely by determining whether the allegations are
sufficient to invoke the court's jurisdiction while accepting the plaintiff's allegations as true and
drawing all reasonable inferences in the plaintiff's favor. *Pride v. Correa*, 719 F.3d 1130, 1133
(9th Cir. 2013).

A "factual" attack, by contrast, contests the truth of the plaintiff's factual allegations,
usually by introducing evidence outside the pleadings. *Safe Air for Everyone*, 373 F.3d at 1039.
"When the defendant raises a factual attack, the plaintiff must support her jurisdictional allegations
with 'competent proof' … under the same evidentiary standard that governs in the summary

United States District Court
Northern District of California

4

1    judgment context." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citations omitted).

2    "The plaintiff bears the burden of proving by a preponderance of the evidence that each of the

3    requirements for subject-matter jurisdiction has been met." *Id.* "[I]f the existence of jurisdiction

4    turns on disputed factual issues, the district court may resolve those factual disputes itself." *Id.* at

5    1121–22. "It is to be presumed that a cause lies outside [a federal court's] limited jurisdiction."

6    *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citation omitted).

7    **IV.    DISCUSSION**

8    **A.    Eleventh Amendment**

9        The Eleventh Amendment's grant of sovereign immunity bars suits against states in the

10   absence of consent. *See Seminole Tribe v. Florida.*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch.*

11   *& Hosp. v. Halderman*, 465 U.S. 89, 98–99 (1984). "The Eleventh Amendment's jurisdictional

12   bar covers suits naming state agencies and departments as defendants, and applies whether the

13   relief sought is legal or equitable in nature." *Brooks v. Sulphur Springs Valley Elec. Co-op*, 951

14   F.2d 1050, 1053 (9th Cir. 1991).

15       The DRE is an agency of the state and thus immune from suit under the Eleventh

16   Amendment. *Gonzalez v. Dept. of Real Estate*, 15-cv-2448 GEB GGH PS, 2017 WL 495682, at

17   *3 (E.D. Cal. Feb. 6, 2017). Roshan argues that the State waived its immunity under *DeVillier v.*

18   *Texas*, 601 U.S. 285 (2024). ECF No. 19 at 5–7. But *DeVillier* was not an immunity case.

19   Rather, the issue in *DeVillier* was whether "plaintiff [had] a cause of action arising directly under

20   the Takings Clause." 601 U.S. at 292. Roshan also contends that the State waived its immunity

21   under California Code of Civil Procedure Section 1094.5, which permits litigants to bring actions

22   for administrative mandamus in state court. However, "a State's consent to suit in its own courts

23   is not a waiver of its immunity from suit in federal court." *Sossamon v. Texas*, 563 U.S. 277, 285

24   (2011). Accordingly, the Court concludes that Roshan's claims against the DRE are barred by the

25   Eleventh Amendment, and those claims are dismissed without prejudice to their being re-filed in a

26   court of competent jurisdiction. *See Freeman v. Oakland Unified School Dist.*, 179 F.3d 846, 847

27   (9th Cir. 1999) ("Dismissals for lack of jurisdiction should be … without prejudice so that a

28   plaintiff may reassert his claims in a competent court.").

United States District Court
Northern District of California

### B.    *Rooker-Feldman* doctrine

"Under *Rooker-Feldman*, lower federal courts are without subject matter jurisdiction to review state court decisions, and state court litigants may therefore only obtain federal review by filing a petition for writ of certiorari in the Supreme Court of the United States."  *Mothershed v. Justs. of Supreme Ct.*, 410 F.3d 602, 606 (9th Cir. 2005).  "The doctrine does not, however, prohibit a plaintiff from presenting a generally applicable legal challenge to a state statute in federal court, even if that statute has previously been applied against him in state court litigation." *Id.*  "It is a forbidden de facto appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court."  *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003).  "To determine whether an action functions as a de facto appeal, [courts] 'pay close attention to the *relief* sought by the federal-court plaintiff.'"  *Cooper v. Ramos*, 704 F.3d 772, 777–78 (9th Cir. 2012) (emphasis in original) (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003)).

Roshan's first two claims challenge his own State Bar disciplinary order, as well as the State Bar rules and procedures.  *See, e.g.*, ECF No. 1 ¶ 64 ("The order suspending Roshan should be declared a violation of Roshan's Fourteenth Amendment federal due process rights"); *id.* ¶ 68 (Roshan "is entitled to a declaratory judgment that the State Bar Rules of Procedure are facially unconstitutional (including on a overbreadth basis) … and as applied to Roshan.').  This Court has already held that Roshan's claims which seek to overturn his own disciplinary order are barred by the *Rooker-Feldman* doctrine and that he lacks standing to pursue a facial challenge to these rules. *Roshan v. Lawrence*, 689 F. Supp. 3d 697, 704–06 (N.D. Cal. 2023).  Moreover, the DRE Defendants are not the proper defendants against whom to assert these claims.  Accordingly, Roshan's first two claims are dismissed for lack of jurisdiction, with leave to amend to state a claim regarding the DRE proceedings.  Roshan is advised that reiterating his prior claims as to his State Bar proceedings will result in dismissal, without leave.

### C.    State Law Claim

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377

1   (1994).  Because the Court has dismissed Roshan's federal claims for lack of jurisdiction, it lacks

2   supplemental jurisdiction over his state law claim for writ of mandamus.  *Herman Family*

3   *Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001) ("if the court dismisses [all federal

4   claims] for lack of subject matter jurisdiction, it has no discretion and must dismiss all claims").

5   Roshan does not dispute this but rather contends that the Court may exercise original jurisdiction

6   over this claim.  ECF No. 19 at 4–7.

7           Under 28 U.S.C. § 1331, federal courts "have jurisdiction of all civil actions arising under

8   the Constitution, laws, or treaties of the United States."  "For statutory purposes, a case can

9   'aris[e] under' federal law in two ways.  Most directly, a case arises under federal law when

10  federal law creates the cause of action asserted."  *Gunn v. Minton*, 568 U.S. 251, 257 (2013).  "But

11  even where a claim finds its origins in state rather than federal law[,] [the Supreme Court has]

12  identified a special and small category of cases in which arising under jurisdiction still lies."  *Id.*

13  (internal quotation marks omitted).  In such cases, "federal jurisdiction over a state law claim will

14  lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable

15  of resolution in federal court without disrupting the federal-state balance approved by Congress."

16  *Id.* at 1065.  "Where all four of these requirements are met … jurisdiction is proper."  *Id.*

17          Roshan's third claim for writ of administrative mandamus raises a federal issue because he

18  challenges the DRE proceedings on due process grounds, which is disputed.  However, the Court

19  finds that "the federal issue in this case is not substantial in the relevant sense."  *Gunn*, 568 U.S. at

20  260.  While the purportedly necessary federal issue may be important to the parties in this case,

21  "something more, demonstrating that the question is significant to the federal system as a whole, is

22  needed."  *Id.* at 264.  For example, in *Grable & Sons* the Court found the Government's "direct

23  interest in the availability of a federal forum to vindicate its own administrative action" made the

24  question "an important issue of federal law that sensibly belong[ed] in a federal court."  545 U.S.

25  308, 315 (2005).  Roshan's claim raises no such federal interest.  Accordingly, the Court finds

26  jurisdiction is lacking for Roshan's third claim for writ of administrative mandamus and the claim

27  is dismissed, with leave to amend.

28  / / /

United States District Court
Northern District of California

7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to dismiss. Roshan's claims are dismissed with leave to amend. Roshan may file an amended complaint within 30 days, solely to correct the deficiencies identified in this order.

The case management conference scheduled for November 19, 2024 is continued to February 14, 2025 at 2:00 p.m. Updated joint case management statements are due February 7, 2025.

**IT IS SO ORDERED.**

Dated: November 18, 2024

_____
JON S. TIGAR
United States District Judge