UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEYMAN ROSHAN,<br><br>    Plaintiff,<br><br>v.<br><br>CHIKA SUNQUIST, et al.,<br><br>    Defendants. | Case No. 24-cv-02789-JST<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 28 |

Before the Court is Defendants Chika Sunquist, Douglas McCauley, and the California Department of Real Estate's ("DRE") motion to dismiss. ECF No. 28. The Court will grant the motion.

Because the facts are well-known to the parties and the Court has summarized the Plaintiffs' allegations in detail in its prior order, ECF No. 26, the Court will not restate them in detail here. In sum, this case arises from Plaintiff Peyman Roshan's State Bar and reciprocal DRE disciplinary proceedings.

The Court previously granted Defendants' first motion to dismiss on the grounds that (1) claims against the DRE—an agency of the state—are barred by the Eleventh Amendment; (2) the Court does not have subject matter jurisdiction over Roshan's federal claims under *Rooker-Feldman*; and (3) because the Court lacks jurisdiction over Roshan's federal claims, it lacks supplemental jurisdiction over his state law claim for writ of mandamus. *See* ECF No. 26 at 5–7. The Court gave Roshan leave to re-file his claims against the DRE in a court of competent jurisdiction and/or to state a proper claim against the proper defendants regarding the DRE proceedings rather than the State Bar disciplinary proceedings. *See id.* at 5–6. The Court specifically advised that "reiterating his prior claims as to his State Bar proceedings will result in

1  dismissal, without leave." *Id.* at 6.

2  Roshan's first amended complaint is deficient for the same reasons as those identified for
3  the original complaint. It continues to state the same claims against the same defendants, seeking
4  the same relief. *See generally* ECF No. 27. Rather than amend his claims in any meaningful way,
5  Roshan merely argues that the Court erred in its prior decision. *See, e.g.*, ECF No. 27 ¶ 243 ("This
6  cause of action is being reasserted against the DRE because District Court Judge Tigar completely
7  misunderstood the Plaintiff's argument and indeed treated it as two different arguments."); ECF
8  No. 32 at 2 (explaining that Plaintiff chose to "amend the Complaint so that it squarely presents to
9  the Court its legal errors and clarifies the scope of the relief requested"). Roshan's amended
10 pleading is an improper vehicle to seek reconsideration of the Court's prior decision, and it does
11 nothing to resolve the issues that led the Court to dismiss of Roshan's original complaint.

12 Because Roshan has not cured any of the deficiencies identified in the Court's previous
13 order, the Court grants Defendants' motion to dismiss without leave to amend. The clerk is
14 directed to enter judgment for the Defendants.

15 **IT IS SO ORDERED.**

16 Dated: April 28, 2025

_____
JON S. TIGAR
United States District Judge